**UNITED STATES of America,
Plaintiff,**

v.

**Maxwell RACINE, Jr., Amy Phillips, Citizens National Bank, State of Indiana, Gibson County Treasurer, Johnnie Wyatt, and Patoka National Bank, Defendants.**

**No. EV 01–118–C–Y/H.**

United States District Court,
S.D. Indiana,
Evansville Division.

July 19, 2001.

Jennifer L. Gazaille, Trial Attorney, Tax Division, Washington, DC, for plaintiff.

Kevin R. Patmore, Price & Collins, Santa Claus, IN, for defendants.

Charles R. Nixon, Fair Nixon & Nixon, Princeton, IN, for Gibson County Treasurer.

## ENTRY ON MOTION TO VACATE PRE–TRIAL HEARING DATE AND DISMISS CASE

YOUNG, District Judge.

Before the court is a Motion to Vacate Pre–Trial Hearing Date and Dismiss Case filed by Defendants Maxwell Racine, Jr. ("Racine") and Amy Phillips ("Phillips"). In their motion, Defendants request that the pre-trial set for May 29, 2001 be vacated and that the case be dismissed because the case has been fully settled and compromised. On June 14, 2001, the parties filed a Joint Motion to Continue Scheduling Conference, which was granted by the court on June 28, 2001. Therefore, Defendants' Motion to Vacate Pre–Trial is moot. The

court will therefore only address Defendants' Motion to Dismiss Case.

## I. Rule 12(b)

The court's first concern is the proper characterization of Defendants' motion. Because the United States submitted materials outside the pleadings in the briefing process, Defendants request that the court treat its motion to dismiss as a motion for summary judgment. Federal Rule of Civil Procedure 12(b) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present material made pertinent to such a motion by Rule 56.

Fed.R.Civ.Pro. 12(b).

For purposes of this motion, the court will include in its consideration those materials that are outside the four corners of the complaint, and treat Defendants' motion as a motion for summary judgment. The court finds neither party will be prejudiced by this ruling, as both parties submitted evidence in support of their respective positions. Accordingly, the court will grant this motion only if it the designated evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

## II. Background

On November 5, 2000, the United States filed suit to reduce to judgment the tax assessments allegedly made against Racine, set aside certain transfers of property from Racine to Phillips as fraudulent against the United States, seek a declaration from the court that Phillips holds certain property described herein as the nominee of Racine, and to foreclose the Federal Tax Liens of the United States on that property. On December 18, 2000, Defendants' counsel, Mr. Nolan, submitted an offer to settle the case. (Ex. 1 [1]). In addition to the offer, Defendants forwarded a completed and signed Form 433 for both Racine and Phillips (Ex. 2), appraisals of three real properties owned by Phillips (Ex. 3), and income tax returns for Phillips for the 1996–1999 tax years. (Ex. 4). On February 5, 2001, the United States sent a letter accepting this offer with payment due on or before March 22, 2001. (Ex. 5).

On March 21, 2001, the United States learned that Phillips had purchased 5,000 shares in a corporation whose sole asset was a bar, a liquor license, and the land on which the bar sat. The United States thereafter challenged the representations on which the offer was based. Mr. Nolan stated that his clients were able to pay the $35,000 settlement offer and put a $15,000 down payment on the purchase of the business by obtaining:

1. a $20,000 loan to Phillips by Integra Bank, $15,000 of which was used for the down payment on the business and $5,000 went toward the payment due the United States;

2. a $5,000 cash advance from a credit card which went toward payment to the United States; and

3. a $25,000 worth of automobiles that were reported on the Form 433.

On March 21, 2001, counsel for the United States informed Mr. Nolan by telephone and by letter that due to the recent information regarding the purchase of the business by Phillips, the Tax Division had

---

**1.** All exhibits cited are attached to the United States' brief in opposition.

a duty to investigate whether the new information called into question the settlement terms contained in Mr. Nolan's offer letter of December 18, 2000. On that same day, the Defendants tendered the $35,000 settlement amount at the IRS office in Evansville, Indiana. The United States is in receipt of the check, but has not cashed it.

On April 2, 2001, the United States received an Agreed Order of Dismissal signed by Mr. Nolan accompanied by a letter asking the United States to please sign and file the attached Agreed Order. On April 3, 2001, counsel for the United States once again notified Mr. Nolan that the United States would not dismiss the case nor deposit the $35,000 check until the inquiry surrounding the settlement had been completed. (Ex. 9). Also, counsel for the United States restated the request for the information originally requested on March 21, 2001, regarding the sources of funds used to pay the United States. On May 16, 2001, the United States received the information originally requested from Mr. Nolan on March 21, 2001.

## III. Argument

The United States argues that it is entitled to void this contract because its assent to Defendants' offer was based upon material misrepresentations made by Phillips in her financial disclosure statement (Form 433). In support of its argument, the United States relies upon the Restatement (Second) of Contracts § 164(1). That section states, "if one party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient." A misrepresentation is "material" if "it would likely induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so." Restate-

ment, § 162(2). "A misrepresentation induces a party's manifestation of assent if it substantially contributes to his decision to manifest his assent." Restatement, § 167. Thus, the issue presented is whether Phillips' alleged misrepresentations are material and, if so, whether the United States was induced to accept Defendants' offer based upon the misrepresentations.

The United States contends that Phillips made two material misrepresentations on the Form 433 she submitted to the United States. First, the United States contends that Phillips' represented $25,000 worth of automobile merchandise, and that said merchandise was pledged to the full fair market value by a business credit line. Second, the United States contends Phillips' misrepresented on December 18, 2000 that she had a combined total of $10,000 cash in three bank accounts when, in actuality, she had 16,986.62.

Phillips does not contest the fact that Phillips' statements were misrepresentations of fact; rather, she argues that Phillips' misrepresentations were not material because the United States seeks back taxes from Racine, not her. Her argument is misplaced. She is a named defendant in this action and is charged with accepting fraudulent transfers of property from Racine. Accordingly, the United States may seek monetary damages from Phillips.

The United States argues these misrepresentations were material because it would not have accepted the Defendants' offer had it been aware of Phillips' financial condition. Specifically, the United States argues that had it known that it could collect on the automobiles in question, and had it known that Phillips' had more cash on hand, it would not have accepted the offer to settle this matter for $35,000. The court finds the United States' argument reasonable. Accordingly, the court finds a material issue of fact

as to whether Phillips' misrepresentations on the Form 433 were material. In addition, the court finds a material issue of fact as to whether the United States was induced to give its assent to the Defendants' offer based upon those misrepresentations. Defendants' motion is therefore **DENIED.**

## IV. Conclusion

For the reasons stated above, the court finds Defendants' Motion to Vacate the Pre–Trial Hearing to be **MOOT,** as it has already been ruled upon. In addition, the court **DENIES** Defendants' Motion to Dismiss, treated by the court as one for summary judgment.